IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,804-02






EX PARTE HANNAH RUTH OVERTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 06-CR-3624-F IN THE 214th DISTRICT COURT


FROM NUECES COUNTY





 Per curiam. Cochran, J., filed a statement concerning the order joined by Price,
J., and Johnson, J.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of capital murder
and sentenced to life imprisonment without parole. The Thirteenth Court of Appeals affirmed her
conviction. Overton v. State, No. 13-07-00735-CR (Tex. App.-Corpus Christi, delivered October
29, 2009). 

 Applicant alleges, inter alia, that she is actually innocent based upon newly discovered
evidence, that she received ineffective assistance of counsel, and that the State failed to turn over
material, exculpatory evidence. (1) This case has arrived before this Court in a state of disarray even
after the receipt of multiple supplemental filings. (2) The Applicant has attacked the validity of the
instant conviction in both an original habeas corpus application, which is the wrong vehicle to attack
the validity of a final felony conviction, and this art. 11.07 application. And the record also reflects
the following:

 A. The prosecutor, who is no longer with the DA's office, has filed an extremely lengthy
affidavit directly with this Court attacking the validity of Applicant's claims. However, it is
unclear whether this same affidavit has been filed with the district clerk in Nueces County.
It appears that the parties involved in both cases have not separated the original habeas writ
(our Cause No. 75,804-01) from the statutory habeas writ (our Cause No. 75,804-02) even
though the filing requirements are completely different;


 B. The Applicant's habeas attorneys have filed numerous supplements, affidavits, objections
and motions, but it is equally unclear whether all of these documents have also been filed
with the district clerk. This includes all the exhibits included in the record of the -01 writ. 
Once again, it appears that the parties involved in both cases have not separated the original
habeas writ from the statutory habeas writ even though the filing requirements are completely
different;

 

 C. The trial court has made no findings of fact regarding these claims, the supplements, or
the affidavits. 


 Applicant has alleged facts that, if true, might entitle her to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall provide
Applicant's trial counsel with the opportunity to respond to Applicant's claim of ineffective
assistance of counsel. We also order the trial court to conduct a live evidentiary hearing.

 It appears from the record that Applicant is currently represented by counsel. However, if
this is no longer the case, the trial court shall determine whether Applicant is indigent. If Applicant
is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the Applicant is actually innocent
based upon newly discovered evidence. The trial court shall also make findings of fact as to whether
the performance of Applicant's trial attorney was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant. The trial court shall also make findings of fact as to whether the
State failed to turn over material, exculpatory evidence to the defense. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: February 8, 2012

Do not publish

1. Ineffective assistance of counsel grounds Grounds 3, 4, 5, 6, 7, 12 and 13 only. Brady
claims grounds 10 and 11 only.
2. The last supplemental filing being received on September 15, 2011.